# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 15-238V

```
* * * * * * * * * * * * * * * * * * * * * * * *
PHYLLIS PHIPPS,                    *      Special Master Corcoran
                                   *
                                   *
                Petitioner,        *      Filed: November 17, 2016
                                   *
      v.                           *      Decision by Stipulation; Damages;
                                   *      Influenza ("Flu"); Chronic Inflammatory
SECRETARY OF HEALTH                *      Demyelinating Polyneuropathy ("CIDP");
AND HUMAN SERVICES,                *      Polyradiculoneuropathy.
                                   *
                Respondent.        *
                                   *
* * * * * * * * * * * * * * * * * * * * * * * *
```

*David Porter Murphy*, David Murphy Esq., Greenfield, IN, for Petitioner.

*Camille Collett*, U.S. Dep't of Justice, Washington, DC, for Respondent.

### DECISION AWARDING DAMAGES[1]

On March 8, 2015, Phyllis Phipps filed a petition seeking compensation under the National Vaccine Injury Compensation Program ("Vaccine Program").[2] Petitioner alleges that she suffered from Chronic Inflammatory Demyelinating Polyneuopathy ("CIDP") and/or Polyradiculoneuropathy as a result of her March 13, 2012, receipt of the Influenza ("Flu"), vaccine. Moreover, Petitioner alleges that she experienced residual effects of these injuries for more than six months.

---

[1] Because this decision contains a reasoned explanation for my actions in this case, I will post it on the United States Court of Federal Claims website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole decision will be available to the public. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

Respondent denies that the vaccines caused Petitioner's alleged injuries. Nonetheless both parties, while maintaining their above-stated positions, agreed in a stipulation (filed on November 16, 2016) that the issues before them could be settled, and that a decision should be entered awarding Petitioner compensation.

I have reviewed the file, and based upon that review, I conclude that the parties' stipulation (as attached hereto) is reasonable. I therefore adopt it as my decision in awarding damages on the terms set forth therein.

The stipulation awards:

- A lump sum of $139,919.89, representing compensation for first year life care expenses ($30,908.74), pain and suffering ($75,000.00), and compensation for past unreimbursable expenses ($34,011.15) in the form of a check payable to Petitioner;

    and;

- An amount sufficient to purchase the annuity contract described in Stipulation ¶ 9-10, paid to the life insurance company from which the annuity will be purchased (the "Life Insurance Company").

Stipulation ¶ 8. This amount represents compensation for all damages that would be available under Section 15(a) of the Act.

I approve a Vaccine Program award in the requested amount set forth above to be made to Petitioner. In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the Court is directed to enter judgment herewith.[3]

**IT IS SO ORDERED.**

/s/ Brian H. Corcoran
Brian H. Corcoran
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by each filing (either jointly or separately) a notice renouncing their right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| PHYLLIS PHIPPS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | |
| ) | No. 15-238V |
| SECRETARY OF HEALTH ) | Special Master Corcoran |
| AND HUMAN SERVICES ) | |
| ) | |
| Respondent. ) | |

## STIPULATION

The parties hereby stipulate to the following matters:

1. Phyllis Phipps, petitioner, filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §§ 300aa-10 to -34 (the "Vaccine Program"). The petition seeks compensation for injuries allegedly related to petitioner's receipt of the influenza ("flu") vaccine, which vaccine is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3 (a).

2. Petitioner received the flu vaccine on March 13, 2012.

3. The vaccination was administered within the United States.

4. Petitioner alleges that she suffered Chronic Inflammatory Demyelinating Polyneuropathy ("CIDP") and/or Polyradiculoneuropathy as a result of receiving the flu vaccine.

5. Petitioner represents that there has been no prior award or settlement of a civil action for damages on her behalf as a result of her condition.

6. Respondent denies that the flu vaccine caused petitioner to suffer from CIDP and/or Polyradiculoneuropathy or any other injury.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payments:

> a. A lump sum of $139,919.89 which amount represents compensation for first year life care expenses ($30,908.74), pain and suffering ($75,000.00), and past unreimbursable expenses ($34,011.15), in the form of a check payable to petitioner; and

> b. An amount sufficient to purchase the annuity contract described in paragraph 10 below, paid to the life insurance company from which the annuity will be purchased (the "Life Insurance Company").

9. The Life Insurance Company must have a minimum of $250,000,000 capital and surplus, exclusive of any mandatory security valuation reserve. The Life Insurance Company must have one of the following ratings from two of the following rating organizations:

> a.  A.M. Best Company: A++, A+, A+g, A+p, A+r, or A+s;

> b.  Moody's Investor Service Claims Paying Rating: Aa3, Aa2, Aa1, or Aaa;

> c.  Standard and Poor's Corporation Insurer Claims-Paying Ability Rating: AA-, AA, AA+, or AAA;

> d.  Fitch Credit Rating Company, Insurance Company Claims Paying Ability Rating: AA-, AA, AA+, or AAA.

10. The Secretary of Health and Human Services agrees to purchase an annuity contract from the Life Insurance Company for the benefit of petitioner, Phyllis Phipps, pursuant to which the Life Insurance Company will agree to make payments periodically to petitioner as follows:

> a. For future unreimbursable Medigap and Medicare Part D expenses, beginning on the first anniversary of the date of judgment, an annual amount of $3,533.96 to be paid for

2

the remainder of petitioner's life, increasing at the rate of four percent (4%), compounded annually from the date of judgment.

b. For future unreimbursable Podiatrist, Pad, and Life Line expenses, beginning on the first anniversary of the date of judgment, an annual amount of $1,571.28 to be paid for the remainder of petitioner's life, increasing at the rate of three percent (3%), compounded annually from the date of judgment.

c. For future unreimbursable Physical Therapy Evaluation, Physical Therapy, and Occupational Therapy Evaluation expenses, on the anniversary of the date of judgment in year 2023, a lump sum of $1,680.00. Then, beginning on the anniversary of the date of judgment in year 2024, an annual amount of $720.00 to be paid for the remainder of petitioner's life, all amounts increasing at the rate of three percent (3%), compounded annually from the date of judgment.

d. For future unreimbursable Gym expenses, beginning on the first anniversary of the date of judgment, an annual amount of $504.00 to be paid up to the anniversary of the date of judgment in year 2026, increasing at the rate of three percent (3%), compounded annually from the date of judgment.

e. For future unreimbursable Reacher, Transfer Bench, Scooter, Scooter Maintenance, Scooter Battery, Scooter Lift, Lift Chair, Raised Toilet Seat, Cane, Walker, and Rollator expenses, beginning on the first anniversary of the date of judgment, an annual amount of $804.22 to be paid up to the anniversary of the date of judgment in year 2021. Then, on the anniversary of the date of judgment in year 2021, a lump sum of $1,167.02. Thereafter, beginning on the anniversary of the date of judgment in year 2022, an annual amount of $876.78 to be paid for the remainder of petitioner's life, all amounts increasing at the rate of three percent (3%), compounded annually from the date of judgment.

f. For future unreimbursable Benadryl, Probiotic, Acetaminophen, and Aleve expenses, beginning on the first anniversary of the date of judgment, an annual amount of $387.94 to be paid for the remainder of petitioner's life, increasing at the rate of three percent (3%), compounded annually from the date of judgment.

g. For future unreimbursable Home Health Care and Ancillary Service expenses, beginning on the first anniversary of the date of judgment, an annual amount of $17,388.00 to paid up to the second anniversary of the date of judgment. Then, beginning on the second anniversary of the date of judgment, an annual amount of $25,032.00 to be paid up to the anniversary of the date of judgment in year 2023. Thereafter, beginning on the anniversary of the date of judgment in year 2023, an annual amount of $32,676.00 to be paid for the remainder of petitioner's life, all amounts increasing at the rate of three percent (3%), compounded annually from the date of judgment.

f. For future unreimbursable Primary Care Physician Mileage, Neurologist Mileage, and IVIG Mileage expenses, beginning on the first anniversary of the date of judgment, an

3

annual amount of $1,317.54 to be paid for the remainder of petitioner's life, increasing at the rate of three percent (3%), compounded annually from the date of judgment.

At the sole discretion of the Secretary of Health and Human Services, the periodic payments set forth in paragraph 10 above may be provided to petitioner in monthly, quarterly, annual or other installments. The "annual amounts" set forth above describe only the total yearly sum to be paid to petitioner and do not require that the payment be made in one annual installment. Petitioner will continue to receive the annuity payments from the Life Insurance Company only so long as she, Phyllis Phipps, is alive at the time that a particular payment is due. Written notice shall be provided to the Secretary of Health and Human Services and the Life Insurance Company within twenty (20) days of Phyllis Phipps's death.

11. The annuity contract will be owned solely and exclusively by the Secretary of Health and Human Services and will be purchased as soon as practicable following the entry of a judgment in conformity with this Stipulation. The parties stipulate and agree that the Secretary of Health and Human Services and the United States of America are not responsible for the payment of any sums other than the amounts set forth in paragraph 8 herein and the amounts awarded pursuant to paragraph 12 herein, and that they do not guarantee or insure any of the future annuity payments. Upon the purchase of the annuity contract, the Secretary of Health and Human Services and the United States of America are released from any and all obligations with respect to future annuity payments.

12. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

13. Petitioner and her attorney represent that they have identified to respondent all known sources of payment for items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), including State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or entities that provide health services on a pre-paid basis.

14. Payments made pursuant to paragraph 8 and any amounts awarded pursuant to paragraph 12 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

15. The parties and their attorneys further agree and stipulate that, except for any award for attorneys' fees and litigation costs, and past unreimbursable expenses, the money provided pursuant to this Stipulation either immediately or as part of the annuity contract, will be used solely for petitioner's benefit as contemplated by a strict construction of 42 U.S.C. §§ 300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. §§ 300aa-15(g) and (h).

16. In return for the payments described in paragraphs 8 and 12, petitioner, in her individual capacity, and on behalf of her heirs, executors, administrators, successors or assigns, does forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300 aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of petitioner resulting from, or alleged to have resulted from, the flu vaccination administered on or about March 13,

2012, as alleged by petitioner in a petition for vaccine compensation filed on or about March 9, 2015, in the United States Court of Federal Claims as petition No. 15-238V.

17. If petitioner should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

18. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

19. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 12 above. There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

20. Petitioner hereby authorizes respondent to disclose documents filed by petitioner in this case consistent with the Privacy Act and the routine uses described in the National Vaccine Injury Compensation Program System of Records, No. 09-15-0056.

21. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the flu vaccine caused petitioner's alleged CIDP and/or Polyradiculoneuropathy or any other injury.

22. All rights and obligations of petitioner hereunder shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns.

**END OF STIPULATION**

/
/
/
/
/
/
/
/
/
/
/
/
/
/

Respectfully submitted,

PETITIONER:

*Phyllis Phipps*
PHYLLIS PHIPPS

ATTORNEY OF RECORD FOR
PETITIONER:

*David P. Murphy*
DAVID P. MURPHY, ESQ.
DAVID P. MURPHY & ASSOCIATES, P.C.
504 West Main Street
Greenfield, IN 46140
Tel: (317) 462-2222

AUTHORIZED REPRESENTATIVE
OF THE ATTORNEY GENERAL:

*Catharine E. Reeves*
CATHARINE E. REEVES
Acting Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

AUTHORIZED REPRESENTATIVE
OF THE SECRETARY OF HEALTH
AND HUMAN SERVICES:

*Narayan Nair*
NARAYAN NAIR, M.D.
Director, Division of Injury
Compensation Programs
Healthcare Systems Bureau
U.S. Department of Health
and Human Services
5600 Fishers Lane
Parklawn Building, Mail Stop 08N146B
Rockville, MD 20857

ATTORNEY OF RECORD FOR
RESPONDENT:

*Camille Collett*
CAMILLE M. COLLETT
Trial Attorney
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
Tel: (202) 616-4098

Dated: 11/16/2016