# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 15-238V
**(Not to be Published)**

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*
|  |  |
|---|---|
| PHYLLIS PHIPPS, | |
| | Special Master Corcoran |
| Petitioner, | Filed: January 9, 2017 |
| v. | Decision; Attorney's Fees and Costs; Influenza ("flu") Vaccine; Chronic Inflammatory Demyelinating |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | Polyneuropathy ("CIDP"); and Polyradiculoneuropathy. |
| Respondent. | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

*David Porter Murphy,* David Murphy, Esq., Greenfield, IN, for Petitioner.

*Camille Michelle Collett*, U.S. Dep't of Justice, Washington, DC, for Respondent.

### ATTORNEY'S FEES AND COSTS DECISION[1]

On March 8, 2015, Phyllis Phipps filed a petition seeking compensation under the National Vaccine Injury Compensation Program ("Vaccine Program").[2] The Petition alleged that the Influenza ("flu") vaccine that Petitioner received on March 13, 2012, precipitated Chronic Inflammatory Demyelinating Polyneuropathy ("CIDP") and/or Polyradiculoneuropathy. *See*

---

[1] Because this decision contains a reasoned explanation for my actions in this case, I will post it on the United States Court of Federal Claims website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the published decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole decision will be available to the public. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

Petition at 1 (ECF No. 1). The parties filed a stipulation for damages on November 16, 2016, and I awarded damages the following day. ECF Nos. 39 and 41.

Petitioner has now requested final attorney's fees and costs, dated January 9, 2017. *See* ECF No. 46. Petitioner requests reimbursement of attorney's fees and costs in the combined amount of $33,374.56. *Id*. at 4. Respondent has represented that she does not object to the sum requested. *Id*.

I approve the requested amount for attorney's fees and costs as reasonable.[3] Accordingly, an award of $33,374.56 should be made in the form of a check payable jointly to Petitioner and Petitioner's counsel, David Murphy, Esq. Payment of this amount represents all attorney's fees and costs available under 42 U.S.C. § 300aa-15(e). In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the Court **SHALL ENTER JUDGMENT** in accordance with the terms of Petitioner's motion.[4]

**IT IS SO ORDERED.**

/s/ Brian H. Corcoran
Brian H. Corcoran
Special Master

---

[3] Petitioner's application for fees and costs, although unopposed, includes a proposed hourly rate for Petitioner's counsel, David Murphy, Esq., who practices in Greenfield, Indiana. Petitioner purports that counsel should be paid the hourly rate for a comparably-experienced attorney based upon the rate schedules set forth for counsel entitled to in-forum rates in *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015). The fees request does not set forth argument for why counsel should receive this rate, as opposed to a local rate (which could be lower). However, because the fees and costs request is unopposed, and because I find that the total sum requested is reasonable under the circumstances, I award it herein without reaching the question of whether Mr. Murphy is entitled to the forum rate under the test established by the Federal Circuit in *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1349 (Fed. Cir. 2008).

[4] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by each filing (either jointly or separately) a notice renouncing their right to seek review.